UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18-cv-23-FDW

| KAVAN GARRISON, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| FNU PITTS, | ) |  |
| Alexander Correctional Institution, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983. (Doc. No. 1). Plaintiff is proceeding in forma pauperis. (Doc. No. 6).

**I.  BACKGROUND**

Pro se Plaintiff Kavan Garrison is a North Carolina prisoner currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. The North Carolina Department of Public Safety website indicates that Plaintiff is serving a 23-year sentence, after being convicted on September 15, 2016, of statutory rape and indecent liberties with a child, in Forsyth County, North Carolina. In this action, filed on February 5, 2018, Plaintiff has named as the sole Defendant FNU Pitts, identified as a Unit Manager at Alexander. In the Complaint, Plaintiff alleges that:

> [o]n September 20, 2017 my constitutional rights was violated by officer unit manager Pitts when him and his staff denied me a[n] attorney visit. I did not receive an appointment notification of such visit and was unaware that I had miss a visit. I found out over a week later through a letter I receive the Attorney stating that she came to see me and was told by staff that I didn't want to see her. I filed a grievance within the prison to find out why I was deprived of my rights to legal counsel. Access to the courts, petition the government for a redress of grievances

1

> and due process of law. I got a response from my grievance alleging that I cho[se] to go to the yard, therefore refusing the legal visit. After I filed the grievance I later found out from checking with my case manager Mr. Marshall that I was in school at the time of me allegedly refusing my attorney visit by choosing to go to the yard instead.
>
> I was notif[ied] my mail that the legal visit I was wrongfully denied was to help me gain essential knowledge concerning a claim I have pending. I'm lacking the experience needed to properly and effectively represent myself without aid and assistance from a lawyer or legal worker. I now have unanswered questions and procedures that's unresolved adding more injury to my claim (docket number TA-26337).

(Doc. No. 1 at 4). Furthermore, in his grievance, submitted on October 5, 2017, Plaintiff alleges that he "receive[d] a letter from a legal worker/lawyer about a visitation I allegedly refused. I was denied a legal visit by staff on September 20, 2017. I did not receive a[n] appointment slip or was notif[ied] of such visit. By not allowing me to receive my right to counsel my constitutional rights was violated [under the Sixth Amendment]." (Doc. No. 1-1 at 1). Prison officials responded to the grievance, stating that "[b]ased on the information gathered during an investigation of your concerns, . . . [Plaintiff] was scheduled a legal visit on Sept. 20, 2017. Programs staff called the unit and was informed that inmate Garrison chose to go to the yard instead of his appointment. Appointment slips are automatically created in the system. I cannot validate or discredit whether or not he received his slip due to these being distributed by night shift custody staff." (Doc. No. 5 at 3).

Plaintiff alleges that the denial of his right to meet with an attorney on September 20, 2017, has deprived him of his Sixth Amendment right to counsel, and to his First Amendment right to petition the court for redress of grievances. Plaintiff also alleges that his Fifth Amendment and Fourteenth Amendment rights are being violated, although he does not explain how his rights were violated under either of these amendments.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

Here, Plaintiff alleges that his Sixth Amendment right to counsel and his First Amendment right to redress grievances have been violated because he was denied the right to meet with an attorney on September 20, 2017, when the attorney came to the prison to discuss a pending legal action filed by Plaintiff. He also refers to the Fifth and Fourteenth Amendments in his Complaint. To prevail in a Section 1983 action, a plaintiff must show that the defendant violated a federal right. See Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977). For the following reasons, the Court will dismiss this action for failure to state a cognizable federal claim against Defendant.

The Sixth Amendment to the United States Constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for

his defence." The Sixth Amendment right to counsel attaches at the initiation of "adversary judicial proceedings," Kirby v. Illinois, 406 U.S. 682, 688 (1972)—at the first formal charging proceeding, Moran v. Burbine, 475 U.S. 412, 428 (1986)—after which the right applies at all critical stages of the criminal proceedings, United States v. Henry, 447 U.S. 264, 269 (1980).

Here, Plaintiff alleges that he was deprived of the right to meet with counsel over a pending "claim" filed by Plaintiff. Although Plaintiff does not elaborate on what the claim is, he appears to be referring to a pending tort action in North Carolina state court.[1] The Court finds no cases in which a court has held that depriving a prisoner of the right to meet, on one occasion, with counsel for a pending civil action, constitutes a violation of the prisoner's Sixth Amendment or any other constitutional right. Moreover, this Court has been unable to identify any cases in which the plaintiff was awarded money damages under a Section 1983 claim for deprivation of the right to counsel based on the inability to meet with counsel on a single occasion. See, e.g., O'Hagan v. Soto, 523 F. Supp. 625, 630 (S.D.N.Y. 1981) ("[T]his court is unaware of any case in which money damages have been awarded for deprivation of the right to counsel.").

As for Plaintiff's purported First Amendment claim, inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with Plaintiff's right to litigate. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right to assistance is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis, 518 U.S. at 354 (emphasis added). Prisoners also have the right to pursue claims, without active

---

[1] That is, in his Complaint, Plaintiff refers to a pending claim he has brought, "TA-26337," and in another section of the Complaint he refers to that same case number when referring to a pending action that Plaintiff filed with the North Carolina Industrial Commission on June 30, 2017. (Doc. No. 1 at 1).

interference, that have a reasonable basis in law or fact. Silva v. Di Vittorio, 658 F.3d 1090, 1103-04 (9th Cir. 2011). This right forbids state actors from erecting barriers that impede the right of access to the courts of incarcerated persons. Id. at 1102. However, to state a viable claim for relief, a plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348, 351). Here, Plaintiff does not allege, either in his Complaint, or in his attached grievance, how he was injured by the fact that he was not allowed to visit with counsel on a single occasion.[2]

In sum, the Court finds that Plaintiff's allegations of a single instance in which Defendant allegedly refused to allow Plaintiff to meet with legal counsel over a pending civil action does not give rise to an actionable claim under either the First or the Sixth Amendment. Finally, even taking Plaintiff's allegations as true, he has not alleged any facts that would give rise to a claim for a violation of either the Fifth or the Fourteenth Amendment. Thus, even taking Plaintiff's allegations as true, Plaintiff fails to state a cognizable claim for a violation of any of his rights under the U.S. Constitution.

**IV.    CONCLUSION**

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.

---

[2] If the prison continues, on more occasions, to deny Plaintiff's right to meet with an attorney over his pending North Carolina state court action, so much that it denies Plaintiff the First Amendment right to access to the courts and to litigate, Plaintiff may certainly file a new action or an amended complaint.

2. The Clerk is directed to terminate this action.

Signed: March 13, 2018

Frank D. Whitney
Chief United States District Judge